# SUPREME COURT.

## Wm. A. Fuller and Hezekiah Hill agt. John Williamson.

When an assignment, made for the benefit of creditors, is unobjectionable in point of form, and given to secure *honest debts* of the assignor, confessedly and justly due, can it be held, in point of *fact*, independent of the statute presumption in respect to the change of possession, to have been executed and made to *hinder, delay and defraud creditors?*

The jury may, in such a case, find either way. They may, as a matter of fact, clearly find the assignment fraudulent, and the court would not disturb their verdict. The neglect of the assignees to do their duty, the permitting the assignor to control and sell the property, and their misconduct and breach of duty in other particulars, are all matters of evidence to be submitted to the jury, and upon which they might infer that the original intent in making the assignment was to hinder, delay and defraud creditors.

But, in submitting such a case to the jury, they should be charged in substance, and to the effect that they ought not to find that the assignment was made in *good faith,* &c., merely because it was made upon its face to pay, and to prefer *existing debts*, or actual or honest debts; that if it was really, in their opinion, made to cover up, or secure to the assignor the use and enjoyment of the property assigned, in whole or in part, and he was actually permitted to use and control it afterwards substantially as before the assignment, they should find the assignment was not made for the *bona fide* purpose of appropriating his property immediately to the payment of his debts. That the making of an assignment with the purpose to secure the property to the use of the assignor through it, in substance implied an intent to hinder, delay and defraud creditors, and that such intent could exist whether the debts were honest or not. That real creditors had no right to use their debts for such an object; and that it was fraudulent to do so in the sense in which that language was used in the statute.

In this case, it appeared that the assignor made the assignment to secure honest and *bona fide* debts, that the assignees did not take possession and exercise control over the property—(a farm and some personal property)—but that the assignor continued in possession substantially as before the assignment, occupying the farm and the personal property for some three years. A levy upon this property was made by the sheriff on an execution upon a judgment in favor of a creditor of the assignor, and, on the trial, the charge to the jury was general, and in conformity to the statute in reference to assignments made with intent to hinder and delay creditors, &c.; and the jury found a verdict sustaining the assignment. A new trial was ordered on

the ground that the case should be submitted to another jury under more explicit directions in regard to what the *bona fides* of such a transaction consists, and what is not good faith in the light of the statute in such a case.

*Wayne Circuit, April,* 1857.

MOTION for a new trial on a case. Action tried at the Wayne circuit in February, 1857.

The plaintiffs were the assignees of one Fuller, and the defendant was sheriff of Wayne county. The plaintiffs, on the trial, proved the assignment by Fuller, and that the defendant had levied on the property in question. The property assigned consisted of a farm with the property thereon, and the remains of a store of goods. An inventory of the goods was made soon after the assignment. The farm was occupied by a tenant at the time of the assignment, (January 31, 1854,) who worked it upon shares. The proof showed that, on the ensuing first of April, the property on the farm was divided between the assignor and the tenant; and the assignor went on to the farm, and continued thereafter to work the same, retaining all the property which fell to him in the division until the time of the trial.

The defendant proved a judgment and execution, under which the property in question was levied on by the defendant, in the possession of the assignor.

The assignor was sworn, and proved that the principal debts mentioned in the assignment were valid debts, owing by him to brothers and sisters, and other relatives, and some of them twenty or twenty-five years old.

The judge charged the jury in conformity with the statute, that every sale or assignment of goods and chattels in the possession of the vendor or assignor, not accompanied by an immediate delivery, and followed by a continued change of possession of the things sold or assigned, was presumed to be fraudulent as against creditors; such want of delivery and change of possession was conclusive evidence of fraud, unless it was made to appear by the party claiming under the sale or assignment, that the same was made in good faith, and without any intent to defraud creditors or purchasers.

Fuller and Hill agt. Williamson.

The jury found a verdict for the plaintiffs for the value of the property.

G. F. Danforth, *for defendant.*
J. D. Husbands, *for plaintiffs.*

E. Darwin Smith, Justice. Assignments by a-debtor in failing circumstances are allowed and upheld upon the principle that every man has the right to appropriate his property in payment of his just debts, and is, when he has not property sufficient to pay all his creditors, necessarily entitled to exercise a preference among them. With this preference, when distinctly and fairly made, courts have no power to interfere. But it is their duty to watch and scrutinize closely this mode of disposing of property, and see that it is not made a device to commit or cover fraud.

Assignments to be valid must, it is well settled, contain a complete appropriation of all the debtor's property, in payment of, or towards the payment of his just debts. If there be any reservation in behalf of the debtor before all the debts are paid, any power left with him to coerce the creditors, any restriction or limitation of the powers of the trustees designed to interfere with their proper disposition of the property assigned, and the speedy application of the proceeds upon the debts specified in the assignment, it will be held void in law. But if the assignment be free from these defects, the question still remains whether it was made with intent to hinder, delay and defraud creditors.

This is a question of *fact* in respect to every assignment. If the possession of the assigned property is not immediately changed, and such change continued, the law presumes the assignment to be fraudulent; and if this, and nothing more, appears in a case, it is the duty of the court to declare it fraudulent and void, as matter of law. But this is a mere presumption of evidence, and the party claiming under the assignment may always repel this presumption. This he may do by showing that the assignment was made to secure and pay honest

debts, that it was openly made, or its existence made known immediately upon its execution, that the assignees took possession and control of the property, and proceeded to execute the trust. When these facts are proved, and are fairly submitted to a jury, and no rule of law is violated in receiving or rejecting evidence, or in the charge of the court, it is difficult to find any principle, or define any rule that will authorize the court to disturb the verdict. But it is a mistake to hold that the verdict of a jury is entitled to any more sanctity in such cases than in all others. The question of fraudulent intent is one of fact, it is true, but it must be negatived or affirmed by a jury, upon competent and appropriate testimony.

In this case, there was no actual and continued change of possession. The assignor remained in the actual possession of the farm assigned and all the property thereon, from April first, after the assignment, (made January 31st, 1854,) down to the time of the trial, February, 1857. He exercised control over it, sold portions of the property, and turned out to the assignees other property raised on the farm, in payment of rent, and some of the assigned property also, and kept possession still of such property. The assignees scarcely interfered with the farm or the property thereon for nearly three years after the assignment. The assignor lived on it, cultivated it, and used, sold and disposed of its produce as his own; and yet the jury have found that, notwithstanding there was thus no continued change of possession of the assigned property, that the assignment was made in good faith, and without any intent to hinder, delay and defraud creditors.

Such is the necessary force of the verdict under the charge. Is this verdict conclusive on the question of fraud? The verdict was undoubtedly based upon the assumption, for there is some proof to that effect, that the debts preferred in the assignment were honest debts. The question then arises, when an assignment is unobjectionable in point of form, and given to secure honest debts of the assignor confessedly and justly due, can it be held, in point of fact, independent of the statute pre-

sumption in respect to the change of possession, to have been executed and made to *hinder, delay and defraud creditors?*

The jury doubtless may, in such a case, find either way. They may, as a matter of fact, clearly find the assignment fraudulent in such a case, and the court would not disturb their verdict. The neglect of the assignees to do their duty, the permitting the assignor to control and sell the property, and their misconduct and breach of duty in other particulars, are all fit matters of evidence to be submitted to the jury, and upon which they might infer that the original intent in making the assignment was to hinder, delay and defraud creditors. But the matters must be submitted to the jury, and I think, in such a case as this, they should be charged, in substance and to the effect, that they ought not to find that the assignment was made in *good faith*, &c., merely because it was made upon its face to pay, and to prefer *existing debts*, or actual or honest debts; that if it was really, in their opinion, made to cover up or to secure to the assignor the use and enjoyment of the property assigned in whole or in part, and he was actually permitted to use and control it afterwards, substantially as before the assignment, they should find that the assignment was not made for the *bona fide* purpose of appropriating his property immediately to the payment of his debts. That the making of an assignment with the purpose to secure the property to the use of the assignor through it, in substance implied an attempt to hinder, delay and defraud creditors, and that such intent could exist whether the debts were honest or not. That real creditors had no right to use their debts for such an object, and that it was fraudulent to do so in the sense in which that language was used in the statute.

Fraud has not been defined, and, in respect to its infinite varieties, is indefinable. But under the statute in respect to fraudulent conveyances, &c., it cannot be doubtful what the legislature designed to declare and designate as *fraud*. " All conveyances made in trust, for the use of the person making the same, the legislature declared to be fraudulent and void." This is the legislative declaration on the subject, and is the

Fuller and Hill agt. Williamson.

law, and as such is equally binding upon juries as upon courts. When such is the real object and intent of an assignment, or sale, a jury has no right to say, under this statute, that it was made in good faith, and without any intent to hinder, delay and defraud creditors. Such a finding, in such a case, is in the teeth of the statute, or is in direct conflict with its clear, undoubted meaning and intent. The jury may negative this purpose. It is their province to decide upon the question, whether the assignment was made upon any such trust, or for such purpose, express or implied—whether it was really intended as an honest and explicit appropriation of the property for the payment of just debts, or that such debts were merely used as a cover for the property, like a dormant execution in the hands of a sheriff, to keep off one class of creditors who are urging payment. An assignment in trust of the property of a solvent or insolvent debtor, cannot be used for such a purpose.

The charge, in this case, to the jury was general and unobjectionable. The judge was not asked to charge as above suggested, and there were no exceptions to the charge for error or omissions. But I cannot think the finding of the jury right or sustainable upon the evidence. The real question of fraud in the case, I think, was, or might be, evaded by them. They found, doubtless, that the debts to the brothers, sisters and other relatives of Patterson, though old and stale, were originally honest debts, and doubtless supposed that they were therefore bound to find in favor of the plaintiffs.

I think the case should be submitted to another jury, under more explicit directions in regard to what the *bona fides* of such a transaction consists, and what is not good faith in the light of the statute in such a case.

New trial granted, on payment of costs.